IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ARKANSAS ALUMINUM ALLOYS, INC.                                    PLAINTIFF

v.                   Civil No. 6:07-CV-06074-RTD

EMERSON ELECTRIC CO.                                              DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This case was filed on August 28, 2007 in the Circuit Court of Garland County, Arkansas, by the Plaintiff Arkansas Aluminum Alloys, Inc. ("AAA") seeking money damages from the Defendant, Emerson Electric Co. ("Emerson") under the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 14706, as well as the state law causes of action of breach of contract and negligence. Emerson removed the case to this Court on October 4, 2007 under 28 U.S.C. § 1331. Currently before the Court are several filings by the parties, to include:

**(1)** Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. 5).

**(2)** Defendant's Memorandum in Support of Motion to Dismiss Counts II and III (Doc. 6).

**(3)** Plaintiff's Response to Motion to Dismiss Counts II and III (Doc. 7).

**(4)** Brief in Support of Response to Motion to Dismiss Counts II and III. (Doc. 8).

**(5)** Defendant's Reply to Plaintiff's Response to Motion to Dismiss Counts II and III. (Doc. 14).

The Defendant, Emerson Electric Co., moves this Court to dismiss Counts II and III of the Plaintiff's Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant bases its motion upon the following

allegations: (1) the Carmack Amendment, under which the Plaintiff brings Count I, exclusively governs claims involving the loss of goods or damage to goods allegedly caused by a common carrier and completely preempts any state law causes of action; (2) Plaintiff admits that Counts II and III of the Complaint are purely state law claims; (3) therefore Counts II and III are preempted by the Carmack Amendment and do not state facts upon which relief may be granted.

After due consideration, the Court finds the Defendant's Motion to Dismiss Counts II and III should be **GRANTED**. Defendant is directed to file an answer to Plaintiff's Complaint within ten (10) days of this Order.

**I.      Motion to Dismiss Standard.**

In deciding a 12(b)(6) Motion to Dismiss, the district court must accept all allegations in the complaint as true and consider each in the light most favorable to the plaintiff. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. Id. Complaints should be liberally construed in favor of the plaintiff and dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**II.     Factual Background**

For more than six years, the Plaintiff ("AAA") has contracted with the Defendant ("Emerson") for the transport of more than 190 shipments of AAA's aluminum ingots from its operation in Garland County, Arkansas to customers throughout the United States. AAA customarily initiated each shipping assignment performed by Emerson with a phone call from an agent of AAA to an agent of Emerson. The terms under which Emerson made each shipment were

substantially the same. AAA customarily gave Emerson the final destination for the aluminum and Emerson coordinated the completion of the shipment, including any intermediate carriers or storage providers that would be used. Emerson customarily invoiced AAA for the cost of each shipment and AAA pre-paid these costs, including the costs charged for the intermediate carriers, storage providers, and shipping costs.

During April and May 2007, AAA made four separate shipments of aluminum ingots to its customer, Castech. AAA pre-paid the costs of these shipments, and the shipments were to be made to Boulevard Industrial De La Trans #3140, Parque Industrial, Ramoz Arizpe, Coahuila, Mexico 25900. An agent of Emerson issued and signed a Straight Bill of Lading for each shipment. This bill lading contained the shipment's final destination, the weight of the aluminum ingots shipped, the number of the trailer upon which the shipment was made, and the trailer's security seal number.

In addition, Emerson's agent issued a General Pick Up/Bill of Lading form containing the shipment's final destination, the relay point for the shipment, the trailer number, the number of each tractor performing each leg of the shipment, and the date that the shipment was picked up for the second leg of the transport.

Because the shipment's final destination was in Mexico, Emerson employed EXL, Inc. of Laredo, Texas as a freight forwarder to complete the necessary export documentation for each shipment. EXL, Inc. also served as a relay point for each trailer as the trailers were transferred from the pick-up tractor to the relay tractor for the final leg of the shipments.

All of the shipping documents issued indicated that Castech bought the aluminum ingots and that EXL, Inc would deliver the shipments to Castech. The shipments arrived at Castech. After Castech inspected the shipments, Castech informed AAA that each of the shipment missed a portion

-3-

of the aluminum ingots that were to be on the trailer, as reflected on the shipping documents issued at origination by Emerson's agent. Afterwards, AAA, using Emerson's forms, filed four claims with Emerson for the missing cargo in each shipment.

The claims included:

(1) Claim number 11787 dated May 1, 2007 for shipment A indicated the shipment lacked four stacks of aluminum valued at $11,800.

(2) Claim number 12027 dated May 24, 2007 for shipment B indicated the shipment lacked 13,170 pounds of cargo valued at $17,093.85.

(3) Claim number 12106 dated May 29, 2007 for shipment C indicated the shipment lacked 11,333 pounds of cargo valued at $16,899.63.

(4) Claim number 12190 dated June 14, 2007 for shipment D indicated the shipment lacked 13,574 pounds of cargo valued at $14,109.59.

Emerson denied each claim. Subsequent to Emerson's denial of the claims, AAA demanded Emerson pay the claims pursuant to federal law. Emerson denied the claims in a letter dated August 2, 2007.

On August 28, 2007, AAA brought this action against Emerson in the Circuit Court of Garland County, Arkansas. On October 4, 2007, Emerson removed this case pursuant to 28 U.S.C. § 1331. Emerson then filed a Motion to Dismiss Counts II and III of the Plaintiff's Complaint, the state law causes of action of breach of contract and negligence.

**III.    Analysis.**

The Defendant Emerson moves to dismiss Plaintiff AAA's state law claims of breach of contract and negligence (Counts II and III) for failure to state a claim upon which relief may be

granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court finds, based on the following, that AAA has failed to state a claim under either count and therefore, Emerson's motion is granted.

In Count I of the complaint, AAA contends that the shipments here are subject to the Carmack Amendment, 49 U.S.C. § 14706, and that Emerson, as a common carrier, is liable for actual damages due to loss of goods caused by "either the receiving carrier, delivering carrier, or carrier over whose line or route the property is transported." Doc. 13 ¶ 30, 31.  In addition, AAA argues in Counts II and III that Emerson is liable under the state law theories of breach of contract and negligence, respectively.  Emerson asserts that because this dispute falls within the confines of the Carmack Amendment, the state law claims are preempted by the Carmack Amendment and should be dismissed.  Doc. 5 ¶ 2, 3.

The Carmack Amendment to the Interstate Commerce Act governs a cause of action for damages "against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage." Fulton v. Chicago, Rock Island & P.R. Co., 481 F.2d 326, 332 (8th 1973) (quoting American Synthetic Rubber Corp v. Louisville & N.R.R. Co., 422 F.2d 462, 466 (6th 1970).  Additionally, the Carmack Amendment has consistently preempted state law causes of action when the action "involves loss of goods . . . caused by the interstate shipment of those goods by a common carrier." Midamerican Energy Co v. Start Enterprises, Inc., 437 F. Supp. 2d 969, 971-72 (S.D. Iowa 2006).  Counts II and III are state law causes of action for breach of contract and negligence, precisely the types of actions preempted by the Carmack Amendment.

The Carmack Amendment applies to shipments made to an adjacent foreign country under a "through bill of lading." 49 U.S.C. § 14706 (a)(1).  In our case, the shipments were made to

AO72A
(Rev. 8/82)

Mexico, which is adjacent to the United States. Further, the shipments were made via a "through bill of lading." Therefore, the Carmack Amendment applies and preempts the state claims presented in Counts II and III.

The goods at issue were shipped under a through bill of lading. "A through bill of lading is one with the final delivery destination of the goods noted thereon, although transportation of the goods may extend over the lines of connecting carriers." Phoenix Insurance Co v. Monon R.R., 438 F.2d 1403, 1406 (8th 1971) (citing Lifeschultz v. U.S., 144 F.Supp. 606, 612 (S.D.N.Y. 1956). Here, two bills of lading were issued. The first was labeled "Straight Bill Of Lading." Doc. 13 ("Exhibit A"). Despite the label, it meets the definition of a through bill of lading as the final delivery destination of the goods is unambiguously indicated on the document. The document lists "Castech" as the "Ship To" destination and lists Castech's address which is in Coahuila, Mexico. Doc. 13. A second bill of lading, labeled a "General Pick Up / Bill of Lading" also notes "Castech" as the point of destination of the goods. Doc. 13. ("Exhibit B"). Because these documents note the goods' final destination, they are through bills of lading, and the Carmack Amendment governs. 49 U.S.C. § 14706 (a)(1). Therefore, the Carmack Amendment wholly preempts the state law causes of action in Counts II and III.

**IV.     Conclusion.**

According to the above analysis, because the Carmack Amendment completely preempts the state law causes of action of breach of contract and negligence here, the Defendant Emerson's Motion to Dismiss Counts II and III of the Plaintiff AAA's Complaint is granted. Further, Defendant is directed to file an answer to the Complaint within ten (10) days of this Order.

IT IS SO ORDERED THIS 18th DAY OF DECEMBER, 2007.

                                              /s/ Robert T. Dawson
                                              Honorable Robert T. Dawson
                                              United States District Judge

AO72A
(Rev. 8/82)